UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES STONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-CV-853 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

James Stone, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In ISP #13-02-0117, Stone was found guilty of unauthorized possession of a cell phone. (DE 8-3 at 1.) The charge was initiated on February 12, 2013, when Correctional Officer R. Westman prepared a conduct report stating as follows:

> On 2-12-13 at approx. 1:00 pm Ofc Wilson and myself Ofc Westman conducted a shakedown of Offender Stone DOC # 865454 cell A221. During the shakedown I found a LG cell phone under the sink in a plastic bag. I confiscated the phone and turned it into IA. Other items confiscated were an extra gray box, black material sheets, multiple pieces of wood. Photos were taken.

(DE 8-1 at 1.) Photographs of the phone and the area where it was found were included with the conduct report. (*Id.* at 4-6.) On the same date, Correctional Officer K. Wilson provided the following witness statement:

> On 2-12-13 at approx 1300 I Ofc. Wilson and Ofc R. Westman went to a cell house to conduct a standard cell search of ACH 221 (where Off Stones lives #865454). While searching his cell we found a LG cell phone under his sink.

(*Id.* at 3.)

On February 14, 2013, Stone was formally notified of the charge and given a copy of the conduct report. (DE 8-1 at 1; DE 8-2.) He pled not guilty and requested a lay advocate. (DE 8-2.) As witnesses he requested Lieutenant T. Gordon, Sergeant McNeal (first name unknown) and Ms. Roberts (first name unknown), all of whom could attest that he regularly used the house phone in his cell block. (*Id.*) As physical evidence, he requested that prison staff "run numbers" on the phone to show that none of the calls were made to his family or friends. (*Id.*)

On February 19, 2013, a hearing was held on the charge. (DE 8-3 at 1.) A statement from Roberts was submitted, and she confirmed that Stone regularly used the house phone.[1] (DE 1-1 at 7.) The hearing officer denied the requests for statements from Lieutenant Gordon and Sergeant McNeal, finding that they would be duplicative. (DE 8-3 at 1.) The hearing officer also denied Stone's request for call records on the phone, finding that this evidence was irrelevant, since Stone was charged with unauthorized possession of the phone, and it did not matter whether he had actually used it. (*Id.* at 1-2.) In his defense, Stone stated that he did not know the phone was under his sink.[2] (*Id.* at 1.) He also submitted a statement from Officer J. Nowacyzk, his supervisor at his prison job, who stated that Stone had been an exemplary worker. (DE 8-1 at 7.) Officer Nowacyzk asked the hearing officer to consider imposing a punishment other than the loss of his prison job. (*Id.*) Based on the evidence, the hearing officer found Stone guilty. (*Id.*)

---

[1] For unknown reasons, the statement from Roberts was not included with the return; however, it was submitted by Stone along with his petition. (DE 1-1 at 7.) The court trusts that the respondent will take greater care in submitting the full and complete administrative record in future cases. However, there is no harm here since it is undisputed that Roberts submitted a statement and that it was considered by the hearing officer in reaching her decision. (*See* DE 8-3 at 1.)

[2] He also submitted a written statement in which he asserted that if he had known the phone was under the sink, "I surely would have sold it, to help out with my attorney fees." (DE 8-1 at 8.)

2

He lost 30 days of earned-time credits and lost phone privileges for 30 days. (DE 8-3 at 1.) His administrative appeals were denied (DE 8-4 to 8-5), and he thereafter filed this petition.

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In claims one and two, Stone argues that he was denied exculpatory evidence. A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

3

Here, Stone requested statements from three witnesses to attest that he regularly used the house phone in his cell block. (DE 8-2.) A statement was obtained from one of the witnesses, Roberts, and she attested that Stone regularly used the house phone. (DE 1-1 at 7; DE 8-3 at 1.) The hearing officer reasonably deemed the other two statements duplicative. Stone has not explained how these witnesses would have provided any additional or different information than what Roberts provided. Furthermore, additional statements showing that Stone regularly used the house phone would not have exculpated him from the charge. Stone was charged with *possession* of a cell phone. Whether he actually used the cell phone or some other phone to call his family members was irrelevant. *See Meeks*, 81 F.3d at 721 (evidence is exculpatory only if it directly undermines the evidence of guilt); *Jones*, 637 F.3d at 847 (no due process violation where excluded witness would not have exculpated the petitioner from the charge).

In a similar vein, Stone argues that the hearing officer should have gotten the call records from the phone and cross-referenced them with those of his family and friends. The hearing officer reasonably determined that this evidence was irrelevant. (DE 8-3 at 2.) Again, the issue before the hearing officer was whether Stone was in possession of the phone. Whether he actually used the phone to call his family and friends was not relevant. *See Meeks*, 81 F.3d at 721. As the hearing officer noted, Stone would be guilty of unauthorized possession of the phone even if he was holding it for someone else. (*See* DE 8-3 at 2.) Therefore, Stone has not established a violation of his due process rights.

Stone next challenges the sufficiency of the evidence.[3] In assessing the sufficiency of the evidence in the prison disciplinary context, the relevant standard is whether there is "some evidence" to support the guilty finding. *Hill*, 472 U.S. at 457. The court will not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A guilty finding can be overturned for insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, two officers reported that they found a cell phone in Stone's cell under the sink. Stone counters that he could not be found guilty because there was no direct evidence that he used the phone or that it belonged to him. However, as discussed above, Stone was found guilty of possessing a cell phone, not using or owning a phone. Furthermore, there is sufficient evidence of constructive possession in this case. *See Hamilton*, 976 F.2d at 345-46 (evidence of constructive possession was sufficient, since contraband was found in a location where only the petitioner and three other inmates had access to it); *see also Pigg v. Finnan,* 289 Fed. Appx. 945, 947 (7th Cir. Aug. 18, 2008) ("When only a few inmates have access to the place contraband is

---

[3] He labels this claim as "Denial of Copy of Written Facts Found," but it is clear from his supporting facts that he is challenging the sufficiency of the evidence. He argues that the "[r]ecord lacked any evidence that supported Petitioner Stone was found using the phone, and no witness statements or physical evidence was presented claiming to have actually found Petitioner in possession of the phone." (DE 1 at 2.)

found, constructive possession is 'some evidence' sufficient to sustain a disciplinary conviction.").

Stone argues that the phone might have been left there by the prior occupant, who lived there approximately five months earlier. This remote possibility does not render the evidence constitutionally deficient. To be adequate, the evidence need not point to only one logical conclusion; the issue is whether there is some evidence to support the determination made by the hearing officer, and that standard is satisfied. *See Hill*, 472 U.S. at 457 (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statement constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). Accordingly, this claim is denied.

Next, Stone asserts that he was denied an impartial decisionmaker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id.*

Stone does not argue, nor is there any evidence in the record to suggest, that the hearing officer was involved in any way in the events underlying the charge. Instead, he suggests that she was biased because she improperly excluded his requested evidence. The exclusion of Stone's

6

evidence was considered above and, for the reasons stated, the court found nothing improper about the hearing officer's actions. To the extent Stone is arguing the hearing officer was biased because she rejected his proffered defense, it was the hearing officer's job to weigh the relative credibility of the evidence. Her adverse ruling does not establish impermissible bias. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Accordingly, this claim is denied.

Stone may also be claiming that the hearing officer's written statement was inadequate. Due process requires that an inmate subject to disciplinary action be provided with a written statement "as to the evidence relied on and the reasons for the disciplinary action." *Wolff*, 418 U.S. at 564-65. The written statement requirement "is not onerous," however, and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Furthermore, "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987).

This case did not involve complex factual or legal issues. The sole issue was whether Stone was in possession of a cell phone. The hearing officer's statement was brief, but it adequately set forth the evidentiary basis for her decision and her reasoning, namely, that she believed Stone to be responsible for the phone found in his cell. (DE 8-3 at 1-2.) In reaching this determination, she obviously chose to disbelieve Stone's claim that he did not know the phone was there. "As there is no mystery about [the hearing officer's] reasoning process," her statement was constitutionally adequate. *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987) (statement was sufficient where it indicated reliance on officer's statement, since it was clear the

disciplinary board believed the officer and disbelieved the inmate); *see also Culbert*, 834 F.2d at 631 (brief statement was sufficient where the only issue to be decided was the relative credibility of witness accounts, and it was clear whose account the disciplinary board had credited). Accordingly, this claim is denied.

Finally, Stone asserts violations of Indiana Department of Correction ("IDOC") policies. Even if IDOC rules were violated, however, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

For these reasons, the petition (DE 1) is **DENIED**.

SO ORDERED.

ENTERED:  April 11, 2014

      /s/ JON E. DEGUILIO
Judge
United States District Court